## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GLENN BECKWORTH, WILLIS BECKWORTH    :    CIVIL CASE NO.
*and* VICKY JUNEAU, individually and derivatively   :
on behalf of Discount Trophy & Co. Inc., and GLENN   :
BECKWORTH, individually and derivatively    :
on behalf of Marco Plastic Industries, Inc.    :
         :
     Plaintiffs,       :
  vs.          :
         :
MARCEL O. BIZIER and BARBARA KING BIZIER,   :
         :
     Defendants.      :
         :
     and       :
         :
DISCOUNT TROPHY & CO. INC. and MARCO    :
PLASTIC  INDUSTRIES, INC., Nominal Defendants.   :    OCTOBER 29, 2013

## COMPLAINT

    Plaintiffs Glenn Beckworth, Willis Beckworth, and Vicky Juneau,  individually and

derivatively on behalf of Discount Trophy & Co. Inc., and Glenn Beckworth, individually and

derivatively on behalf of Marco Plastic Industries, Inc., for their complaint against the

Defendants asserts and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    The Plaintiff, GLENN BECKWORTH, (hereinafter "Glenn"), is a citizen and

resident of Charlotte, Mecklenburg County, North Carolina.

    2.    The Plaintiff, WILLIS BECKWORTH, (hereinafter "Willis"), is a citizen and

resident of Gonzales, Ascension Parish, Louisiana.

    3.    The Plaintiff, VICKY JUNEAU, (hereinafter "Vicky"), is a citizen and resident of

Gonzales, Ascension Parish, Louisiana.

4.     DISCOUNT TROPHY & CO., INC., d/b/a MARCO AWARDS GROUP, (hereinafter "Company" or "Discount Trophy"), is a Connecticut corporation with its principal office located in Marco Island, Collier County, Florida.  Company also maintains offices in South Windsor, Connecticut and Charlotte, North Carolina.

5.     MARCO PLASTIC INDUSTRIES, INC., (hereinafter "MPI"), is a Connecticut corporation with no office separate and apart from Company and, upon information and belief, is the alter ego of Marcel.

6.     Defendant MARCEL O. BIZIER, (hereinafter "Marcel"), is a Canadian citizen and resident of Marco Island, Collier County, Florida, is more than eighteen years of age, not in military service, and is under no legal disability or restraint.

7.     Defendant BARBARA KING BIZIER, (hereinafter "Barbara"), is a citizen and resident of Marco Island, Collier County, Florida, is more than eighteen years of age, not in military service, and is under no legal disability or restraint.

8.     This Court has original jurisdiction under 28 USC §1332 because Plaintiffs are citizens of either North Carolina or Louisiana, Company and MPI are Connecticut corporations, and the individual Defendants are either citizens of Canada or Florida, and because the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

9.     There is complete diversity between the parties because none of the Defendants reside in the same state as any one of the Plaintiffs.

10.    Both requirements of 28 USC §1332 are satisfied and this Court has original jurisdiction over this action.

2.

11.     This action is not a collusive one designed to confer jurisdiction on a court of the United States which it would not otherwise have.

12.     Venue is proper because Company and MPI are Connecticut corporations and maintain an office in South Windsor, Connecticut.

13.     The Merger Documents referred to herein in Paragraph 28 refer to the state of Florida as the choice of law agreed to by the parties named therein.

## FACTUAL ALLEGATIONS

14.     Prior to November 20, 2008, Glenn was managing partner of Plastic Plus Awards ("Plastic Plus") located in Charlotte, Mecklenburg County, North Carolina.

15.     Plastic Plus was a Louisiana general partnership comprised of Glenn, Willis and Vicky. Although the genesis of the partnership was in Gonzales, Louisiana, on approximately January 1, 1988, Glenn relocated the operational headquarters to Charlotte, North Carolina.

16.     Glenn managed and operated the business successfully in Charlotte, North Carolina from January 1, 1988 until November 20, 2008.

17.     In that period of time, annual sales rose from approximately $1 million per annum to $20 million per annum, with annual net profit well in excess of $1 million.

18.     At all times from 1986 until the present date, Willis and Vicky were partners of Plastic Plus with certain managerial functions related to Louisiana operations.

19.     Glenn is 50 years of age and has a baccalaureate degree from Louisiana State University and an MBA from the University of North Carolina at Charlotte.

20.     Approximately 15 years ago, Glenn became acquainted with Defendant Marcel, sole shareholder, president, and Chief Executive Officer of Defendant Company.

21.     Marcel is an experienced businessman, age 72, and married to Defendant Barbara.

22.     Prior to November 20, 2008, both Plastic Plus and Company were engaged in the wholesale trophy/awards component business with their primary customers being retail trophy/awards stores throughout the continental United States.

23.     Prior to November 20, 2008, Company had been in business for approximately 30 years.

24.     Marcel and Barbara's four children, prior to November 20, 2008, were the sole shareholders of MPI, which acts as a conduit in ordering trophy/awards parts and components from Chinese vendors and reselling them to Company at a 5% markup.

25.     Upon information and belief, such corporation was formed for the sole purpose of transferring income from Marcel to his and Barbara's children.

26.     For 12 to 18 months prior to November 20, 2008, Marcel and Glenn had discussed the combining of Plastic Plus and Company with a view to Glenn and Marcel jointly operating the Company for three years, then Glenn purchasing the shares of Marcel and assuming management and control of the combined businesses and Marcel retiring.

27.     The intended purpose of such negotiations was to provide an "exit strategy" in which Marcel, being 22 years older than Glenn, would retire after three years and transfer the ownership and management of the combined enterprise to Glenn.  Marcel had previously stated his children had no interest in running the business.

28.     All of the preliminary negotiations were merged into written agreements executed by the parties on November 20, 2008, hereinafter referred to as the "Merger Documents".

29.     Such documents consisted of the following:

a)  Merger Agreement, attached hereto as ***Exhibit A***;

b)  Shareholder Agreement, attached hereto as ***Exhibit B***;

      c) Employment Agreements – Marcel, Glenn, Barbara, Willis, and Vicky, included in ***Exhibit C***; and

      d) Commercial leases on shareholder-owned real estate attached hereto as ***Exhibit D***.

30.     By the terms of the Shareholder Agreement, Marcel owns 75% of the issued and outstanding shares of the combined companies, known as Discount Trophy & Co., Inc., and Plaintiffs collectively own 25% of such shares. Additionally, Glenn owns 20% of MPI. Marcel owns no shares of MPI.

31.     Plaintiffs have a capital investment in the merger in excess of Eight Million and 00/No Dollars ($8,000,000.00).

32.     Paragraph 8 of the Shareholder Agreement provides that Marcel will be President and Chief Executive Officer and that Glenn will be Vice-President and Chief Operating Officer. The Board of Directors members are Marcel, Glenn, and Barbara.

33.     In accordance with the understanding of the parties with regard to Marcel's exit strategy, Paragraph 8 of the Agreement provides the following:

> "It is anticipated that within three years Beckworth will purchase the shares of Marcel at a mutually acceptable price, or the Company will be put up for sale with the shares of all shareholders collectively sold to the highest bidder".

34.     Paragraph 4 of the Shareholder Agreement provides that, "In the event that Glenn Beckworth is terminated from company for any reason, both Seller and Purchaser agree that the company shall be immediately placed on the market for purposes of sale. It will be sold and the proceeds divided in proportion to individual shareholdings."

35.     The Employment Agreement between Company and Glenn is for a period of 60 months commencing January 1, 2009 and expiring December 31, 2013, and continuing on a year to year basis thereafter.

36.     Paragraph 2(a) of Glenn's Employment Agreement provides that, "Employee shall be the Vice-President and COO of the Employer, shall have general active management and operational responsibility for the business of the Employer…"

37.     Paragraph 2(b) provides that, "The principal home and base for the rendition of such services by Employee shall be Charlotte, North Carolina."

38.     Glenn performs his duties from the original Plastic Plus headquarters at 4320 Equipment Drive, Charlotte, North Carolina 28269.

39.     Marcel performs his duties from the Marco Island, Florida office of the combined companies.

40.     Certain accounting and information technology functions continue to be performed at the South Windsor and Vernon, Connecticut offices.

41.     Paragraph 12 of the Shareholder Agreement provides as follows:

> "Bizier and Beckworth agree that they shall not pay themselves compensation above and beyond the compensation reserved in such Employment Agreements without the mutual consent of both parties."

42.     In violation of Paragraph 12 of the Shareholder Agreement and the Employment Agreement commencing January 1, 2011, Marcel unilaterally increased his salary to $750,000.00 per year, $250,000.00 in excess of compensation mandated by Marcel's Employment Agreement.

43.     Thus, Marcel has paid to himself or caused Company to pay a total of at least $750,000.00 above and beyond the compensation specified in the Employment Agreement.

44.     Upon information and belief, Glenn believes that there have been or may have been additional unlawful payments by Company to Marcel, such amounts to be determined upon audit of the Company's books and records and at trial.

45.     Beginning January 1, 2011, Marcel unilaterally reduced the salary of Glenn by the sum of $40,000.00 per annum in violation of the Employment Agreement executed by Company and Glenn on November 20, 2008.

46.     On June 25, 2013, Marcel and Barbara, as directors of Company, caused Company to unilaterally cancel the leases on Glenn and Willis' commercial properties in Charlotte, North Carolina and Gonzales, Louisiana in violation of Paragraph 11 of the Shareholder Agreement. See ***Exhibit E*** attached hereto. None of the commercial leases on the shareholder-owned property owned by Marcel were cancelled.

47.     The cancellation of the Charlotte, North Carolina and Gonzales, Louisiana leases will be effective December 31, 2013.  Locating replacement properties will likely be at significantly higher rent and combined with the moving costs associated therewith will likely cause a significant loss to Company.

48.     Although Marcel has generally withheld access to the books and accounting records of Company, upon information and belief on or about January 1, 2012, Company acquired the issued and outstanding shares of stock of Barhill Manufacturing, Inc. (hereinafter, "Barhill"), a Pennsylvania corporation owned by Barbara, a member of Company's Board of Directors.

49.     Upon information and belief, Barhill has annual sales of approximately $1 million and net operating losses of $300,000.00 per year, and is not a viable business.

50.     Upon information and belief, Marcel caused Company to pay in excess of $1 million for such shares of Barhill when, in fact, Barhill had no intrinsic value whatsoever.

51.     Marcel has refused to furnish to Glenn information regarding such acquisition.

52.     Paragraph 8 of the Shareholder Agreement provides as follows:

"Should the company seek to expand and acquire either the stock or assets of any other company; Bizier and Beckworth agree that they shall not do so individually without the advice and consent of the other."

53.     Con. Gen. Stat. §33-781(1) provides that a "Director's conflicting interest transaction" means a transaction "… (B) respecting which, … the director had knowledge and a material financial interest known to the director…".

54.     Marcel, at all times pertinent hereto, was a director of Company along with his wife Barbara.

55.     Both Marcel and Barbara voted for or assented to the purchase by Company of the issued and outstanding shares of Barhill, without notifying Glenn of the action taken or obtaining his consent.

56.     Marcel and Barbara, as directors of Company had a direct conflict of interest in such transaction.

57.     Prior to November 20, 2008, MPI was owned 100% by the four children of Marcel and Barbara, each owning 25% of the issued and outstanding shares.

58.     MPI has no operational status, has no office separate and apart from Company and, upon information and belief, is the alter ego of Marcel, who controls the day-to-day affairs of such corporation and acts as either a *de jure* or a *de facto* president, chief executive officer, and director.   He owns no shares of MPI.

59.     Following the merger of the two companies on November 20, 2008, in which Glenn became a 20% shareholders of MPI, Marcel unlawfully caused MPI to distribute to his four children the sum of $2,076,828.00, with such distribution constituting an unlawful dividend having no legitimate business purpose, and not being pro-rated as to all shareholders, including Glenn, all in violation, *inter alia*, of Con. Gen. Stat. §33-687(a).

60.     As Chief Operating Officer of the Company, Glenn has been refused access to the books and records of the Company, including access to certain information technology, thus hindering his duties as Chief Operating Officer.

61.     Pursuant to Con. Gen. Stat. §33-946(a), Plaintiffs are shareholders who have the right to inspect and copy the books and records of Company.

62.     Plaintiffs have previously made demand upon Company to produce books and records and Company has actually or constructively refused. See ***Exhibit F*** attached hereto.

63.     Marcel, as President, Chief Executive Officer, and Director of Company, has actually or constructively refused to provide Plaintiffs with annual financial statements including balance sheets, income statements, and statements of cash flow in accordance with generally accepted accounting principles, including by refusing to provide copies to Glenn of documents it had copied in response to his demand to inspect and copy documents.

64.     Plaintiffs are minority shareholders of Company and bring this action against Marcel as majority shareholder of Company, and Marcel and Barbara as directors of Company, alleging both individual and derivative claims for an accounting, breach of contract, breach of fiduciary duty, looting, fraud, civil conspiracy, unfair and deceptive trade practices, demand for books and records, unjust enrichment, appointment of a receiver and dissolution.  Glenn is a minority shareholder of MPI and also brings individual and derivative claims against Marcel for causing the improper distribution of monies to his children.

65.     The individual Defendants, as officers and directors of Company, have participated in conduct detrimental to the Company, including but not limited to the following conduct:

  a)  Maintaining and keeping secret from the Plaintiffs the true financial records of Company;

9.

b) Drawing excessive salaries and bonuses;

c) Self dealing and diverting money to their own personal use; and

d) Conspiring with each other to violate the terms of the Merger Agreements, cheat the Plaintiffs, and frustrate their reasonable expectation of return on investment.

66. As a result of the individual Defendants' actions, Plaintiffs have suffered and incurred damage and will continue to suffer irreparable harm for which there is no adequate remedy at law.

67. By refusing to allow or interfering with Plaintiffs exercise of their rights as shareholders to both inspect and copy certain financial records of Company, the individual Defendants have purposefully inhibited Plaintiffs' ability to apprise the extent to which funds may have been improperly transferred to the individual Defendants in violation of their fiduciary duties and in violation of Marcel's employment contract with Company.

## SHAREHOLDER DERIVATIVE CLAIMS
### Con. Gen. Stat. §33-720 *et seq.*

68. This action has been brought pursuant to Con. Gen. Stat. §33-720 *et seq*. and Fed. R. Civ. P. 23.1 by Plaintiffs to enforce claims belonging to Company and MPI. Such claims relate to breach of employment contracts, cancellation of leases, director's conflict of interest and unlawful distributions by MPI.

69. Pursuant to Con. Gen. Stat. §33-721 and Fed. R. Civ. P. 23.1(b) (1), Plaintiffs were shareholders of the Company and Glenn was a shareholder of MPI at the time of the acts or omissions complained of.

70. Plaintiffs fairly and adequately represent the interests of the Company and Glenn fairly and adequately represents the interests of the MPI in enforcing the rights of MPI.

71.     Pursuant to Con. Gen. Stat. §33-722, written demand has been made upon Company and MPI to take suitable action and ninety days has expired from the date the demand was made.

72.     Plaintiffs have received no response to their demands and, even if no such demand had been made, further demands are or would be futile given that much of the relief is sought from the majority shareholder, Marcel who is, likewise, President, Chief Executive Officer, and director of Company and the party who has perpetrated the majority of the misconduct towards Company, and his wife Barbara who is also a director of Company; and MPI is the alter ego of Marcel.

73.     Irreparable injury to Company will result by waiting for the response from Company because the individual Defendants as officers and directors of Company will continue to pay themselves exorbitant salaries, continue to engage in conflicts of interest, and continue to take unlawful distributions from Company and MPI and Company and MPI will suffer irreparably.

## FIRST CAUSE OF ACTION --
## DERIVATIVE CLAIM – BREACH OF CONTRACT -- EXCESS COMPENSATION

74.     The allegations of paragraphs 1 through 73 above are realleged and incorporated by reference.

75.     In violation of Paragraph 12 of the Shareholder Agreement and Marcel's Employment Agreement with Company commencing January 1, 2011, Marcel unilaterally increased his salary to $750,000.00 per year, $250,000.00 in excess of compensation mandated by Marcel's Employment Agreement.

76.     Marcel has paid to himself or caused Company to pay to him a total of at least $750,000.00 above and beyond the compensation specified in the Employment Agreement.

77.     Because Marcel has actually or constructively refused to permit Glenn access to the books and records of Company, Glenn believes that there have been or may have been additional unlawful payments by Company to Marcel, such amounts to be determined upon audit of the Company's books and records.

78.     Marcel and Barbara, acting as officers and directors of Company, and in violation of Con. Gen. Stat. §33-756(a) and Con. Gen. Stat. §33-765(a), have caused Company to violate the terms of Marcel's Employment Agreement and caused damage to the Company, the exact amount to be determined upon trial of this case.

## SECOND CAUSE OF ACTION --
## DERIVATIVE CLAIM – BREACH OF CONTRACT
## UNLAWFUL REDUCTION IN SALARY – GLENN

79.     The allegations of paragraphs 1 through 73 above are realleged and incorporated by reference.

80.     Marcel and Barbara, acting unlawfully as officers and directors of Company, and in violation of Con. Gen. Stat. §33-756(a) and Con. Gen. Stat. §33-765(a), commencing January 1, 2011, unilaterally reduced the annual salary of Glenn by the sum of $40,000.00, all in violation of the Employment Agreement executed by Company and Glenn on November 20, 2008.

81.     As such unlawful conduct on the part of Marcel and Barbara has caused the Company to intentionally and maliciously breach the Employment Contract with Glenn subjecting Company to liability to Glenn in an amount in excess of One Hundred and Twenty Thousand and No/100 Dollars ($120,000.00), the exact amount to be determined upon trial of this case.

12.

### THIRD CAUSE OF ACTION – DERIVATIVE CLAIM
### – BREACH OF CONTRACT --
### <u>CANCELLATION OF COMMERCIAL LEASES</u>

82.     The allegations of paragraphs 1 through 73 above are realleged and incorporated by reference.

83.     On June 25, 2013, Marcel as President and Marcel and Barbara as directors cancelled the commercial leases of Plaintiffs' properties in North Carolina and Louisiana, motivated solely by ill will toward Plaintiffs.  See ***Exhibit E*** attached hereto.

84.     Paragraph 11) of the Shareholder Agreement provides as follows: "<u>Shareholder Owned Real Property.</u>  All of the shareholders hereunder own certain real property which is either presently leased to Company, or shall be leased to Company in the future.  Shareholders hereby agree that any leasing of such real property by Company shall be done at market rate only using a triple net lease … ".

85.     The cancellation of the aforesaid leases had no legitimate business purpose and constitutes a breach of contract.

86.     The cancellation of the leases effective December 31, 2013 will likely cause Company a substantial loss in relocation expenses and executing new lease agreements at considerably higher rents.

87.     By reason of such malicious and willful conduct, Company will suffer damages, the exact amount to be determined upon trial of this case.

### FOURTH CAUSE OF ACTION –
### DERIVATIVE CLAIM – BREACH OF CONTRACT—
### <u>UNAUTHORIZED ACQUISITION – BARHILL MANUFACTURING, INC.</u>

88.     The allegations of paragraphs 1 through 73 above are realleged and incorporated by reference.

89.     Paragraph 8 of the Shareholder Agreement provides as follows:

"Should the company seek to expand and acquire either the stock or assets of any other company, Bizier and Beckworth agree that they shall not do so individually without the advice and consent of the other."

90.     Marcel and Barbara, acting unlawfully as officers and directors of Company, caused Company to acquire the issued and outstanding shares of stock of Barhill formerly owned by Barbara, all without the notification, advice or consent of Glenn, a company director and in contravention of the Shareholder Agreement.

91.     Barhill is known to have annual sales of approximately $1 million and net operating losses of $300,000.00 per year, and is not a viable business.

92.     Upon information and belief, Marcel and Barbara caused Company to pay in excess of $1 million for such shares of Barhill when, in fact, Barhill had no intrinsic value whatsoever and Marcel and Barbara were aware of such fact.

93.     Marcel and Barbara have refused to furnish to Glenn information regarding such acquisition.

94.     Plaintiffs hereby demand that the shares of stock be transferred back to Barbara and that any consideration given for such shares be refunded to Company.

95.     Such unlawful acquisition has diminished the value of the Company.

96.     The Company should be compensated for diminution in its value by reason of such unlawful acquisition of Barhill, the exact amount to be determined upon trial of this case.

97.     Marcel and Barbara are personally liable to Company for any losses sustained by Company, the exact amount to be determined upon trial of this case.

### FIFTH CAUSE OF ACTION -- DERIVATIVE CLAIM
### DIRECTOR CONFLICT OF INTEREST
### Con. Gen. Stat. §33-781(1)(4) and Con. Gen. Stat. §33-783(a) and (c)

98.    The allegations of paragraphs 1 through 73 above are realleged and incorporated by reference.

99.    Con. Gen. Stat. §33-781(1)  provides that, "…Director's conflicting interest transaction" means…(B) respecting which, at the relevant time, the director had knowledge and a material financial interest known to the director…".

100.    Con. Gen. Stat. §33-781(4) provides, "…"material financial interest" means a financial interest in a transaction that would reasonably be expected to impair the objectivity of the director when participating in action on the authorization of the transaction."

101.    Marcel and Barbara, at all times pertinent hereto, were directors of Company, with Barbara being the former owner of Barhill.

102.    Both Marcel and Barbara voted for or assented to the purchase by the Company of the issued and outstanding shares of Barhill, all without proper corporate action by failing to convene a meeting of directors and notify Glenn in his capacity as a director in violation of Con. Gen. Stat. §33-783(a) and (c).

103.    Marcel and Barbara, as directors, had a direct conflict of interest in such transaction, which has caused monetary harm to the Company.

104.    Marcel and Barbara are personally liable to Company for all losses sustained by Company, the exact amount to be determined upon trial of this case.

### SIXTH CAUSE OF ACTION -- DERIVATIVE CLAIM -- UNLAWFUL DISTRIBUTION – MPI
### Con. Gen. Stat. §33-687(a) and (b)

105.    The allegations of paragraphs 1 through 73 above are realleged and incorporated by reference.

106.    Prior to November 20, 2008, MPI was owned 100% by the four children of Marcel and Barbara, each owning 25% of the issued and outstanding shares.

107.    At all times pertinent hereto, such corporation was acting as a conduit in furnishing trophy/awards components from Chinese vendors and reselling to Company at a 5% mark-up.

108.    MPI has no operational status, has no office separate and apart from the Company and upon information and belief, is the alter ego of Marcel, who controls the day-to-day affairs of such corporation and acts as either a de jure or a de facto president, chief executive officer and director.

109.    Following the merger of Plastic Plus and Company on November 20, 2008, in which Glenn became a 20% shareholder of MPI, Marcel unlawfully caused MPI to distribute to his children and Barbara's children the sum of $2,076,828.00, with such distribution having no legitimate business purpose, constituting an unlawful dividend and with such distribution not being pro-rated as to all shareholders, including Glenn, all in violation of Con. Gen. Stat. §33-687(a) and (b).

110.    As a result, this Court should order such transaction rescinded and Marcel to be held personally liable to and ordered to pay MPI for any losses or damages sustained by MPI, the exact amount to be determined upon trial of this case.

## SEVENTH CAUSE OF ACTION –
## DERIVATIVE CLAIM—BREACH OF FIDUCIARY DUTY

111. The allegations contained in Paragraphs 1 through 104 of this Complaint are realleged and incorporated by reference.

112. The individual Defendants as officers and directors of Company are required to take all action: (1) in good faith; (2) with the ordinary care an ordinarily prudent person in a like position would exercise under similar circumstances; and (3) in a manner he reasonably believes to be in the best interests of the corporation.

113. The individual Defendants owed a fiduciary duty of honesty, truthfulness and fair dealing to the Company and to Plaintiffs with respect to the operation of Company.

114. The individual Defendants as officers and directors of Company intentionally violated their fiduciary duty to the Company by causing it to:

   a.   cancel the commercial leases of the Plaintiffs' in North Carolina and Louisiana, an act having no legitimate business purpose and motivated entirely by ill will and malice in violation of Con. Gen. Stat. §33-756(a) and Con. Gen. Stat. §33-765(a).

   b.   Pay Marcel excessive salary beyond the amount required by his Employment Agreement.

   c.   Paying Glenn less than the salary required by his Employment Agreement with the Company.

   d.   Authorizing the unlawful acquisition of Barhill.

115. As a result, Company has been damaged, the exact amount to be determined upon trial of this case.

## INDIVIDUAL CLAIMS

### EIGHTH CAUSE OF ACTION
### INDIVIDUAL CLAIM – BREACH OF CONTRACT
### UNLAWFUL REDUCTION IN SALARY – GLENN

116.    The allegations of paragraphs 1 through 73 above are realleged and incorporated by reference.

117.    On or about November 20, 2008, Glenn and Company executed an employment agreement commencing January 1, 2009 and expiring December 31, 2013, and year to year thereafter.

118.    On or about January 1, 2011 and continuing until the present time, Company reduced the salary of Glenn by the sum of Forty Thousand and No/100 Dollars ($40,000.00) per annum in violation of the aforesaid employment agreement.

119.    Glenn has fully performed under the terms of the employment agreement and such reduction in salary was without justification in law or equity.

120.    Upon information and belief, Marcel and Barbara, acting unlawfully as officers and directors of Company, orchestrated the reduction in salary out of malice and ill will and for no business purpose.

121.    By reason of such unlawful reduction in salary, Glenn has been damaged in an amount in excess of the sum of One hundred and Twenty Thousand and No/100 dollars ($120,000.00), the exact amount to be determined upon trial of this case.

122.    Marcel and Barbara are personally liable to Glenn for any unlawful reduction in salary.

## NINTH CAUSE OF ACTION
## INDIVIDUAL CLAIM GLENN– REFUSAL OF ACCESS TO BOOKS AND RECORDS
### Con. Gen. Stat. §33-946(a) and §33-948(a) and (c)

123.   The allegations of paragraphs 1 through 73 above are realleged and incorporated by reference.

124.   Pursuant to Con. Gen. Stat. §33-946(a), a shareholder is entitled to inspect and copy "records of the corporation…"

125.   Plaintiff has previously requested access to the books and records of Company. See *Exhibit F* attached hereto.

126.   Such demand was made in good faith and for a proper purpose, and described with reasonable particularity the purpose and the records to inspect in compliance with Con. Gen. Stat. §33-946(d).

127.   Company, acting through its officers and directors Marcel and Barbara, has interfered with and actually or constructively refused to provide copies of such records to Glenn, including but not limited to refusing to provide Glenn with documents in September 2013 that already had been copied in response to his request for inspection and copying of documents.

128.   Pursuant to  Con. Gen. Stat. §33-948(a) and (c), Plaintiffs request this Court to order inspection and copying of the records demanded and also order Company to pay shareholder counsel fees.

## TENTH CAUSE OF ACTION
## – INDIVIDUAL CLAIM –
## PROMISSORY ESTOPPEL

129.   The allegations of paragraphs 1 through 73 above are realleged and incorporated by reference.

130.    For one and one half years prior to November 8, 2008, Marcel and Glenn discussed the combining of Plastic Plus and Discount with a view to Glenn and Marcel jointly operating Company for three years and then Glenn purchasing the shares of Marcel and assuming management and control of the combined businesses, at which time Marcel would retire.

131.    The intended purpose of such negotiations was to provide an "exit strategy" in which Marcel, being 22 years older than Glenn would retire after three years and transfer the ownership and management of the combined enterprise to Glenn.  Marcel had previously stated his children had no interest in running the business.

132.    The promises made by Marcel were expressed in the original agreements executed by the parties on November 20, 2008.

133.    The Shareholder Agreement provided explicitly that:

"It is anticipated that within three (3) years Beckworth will purchase the shares of Bizier at a mutually acceptable price, or the Company will be put up for sale with the shares of all shareholders collectively sold to the highest bidder."

134.    The merger of the combined companies would never have taken place but for the promises of Marcel, which were reasonably relied upon by Glenn.

135.    The promise by Marcel of his retirement in three years was a condition precedent to execution of the merger agreements by Glenn.

136.    At the expiration of the three year period, Marcel repudiated his agreement to retire and transfer his interest in Company to Glenn.

137.    By reason of Glenn's reasonable reliance on the promise made by Marcel, Glenn has sustained reliance damages.

138.   Such damages include, but are not limited to, a reduction in Glenn's annual income, and lost business opportunity of Plaintiffs acquiring Marcel's shares in anticipation of future growth in the industry of the combined companies.

139.   Plaintiffs should be awarded reliance damages, the exact amount to be determined upon trial of this case.

## ELEVENTH CAUSE OF ACTION
## INDIVIDUAL CLAIM - RIGHT TO COMPEL INVOLUNTARY DISSOLUTION
### Con. Gen. Stat. §33-896 *et. seq.*

140.   The allegations contained in Paragraphs 1 through 73 of this Complaint are realleged and incorporated by reference.

141.   Plaintiffs developed certain reasonable expectations that they would receive a substantial business opportunity from the merger of the companies, combined with the commitment of Marcel that Plaintiffs would ultimately acquire the combined companies.

142.   As a result of the actions of the individual Defendants as officers, directors, and controlling shareholders, Plaintiffs' rights as shareholders in Company and Glenn's rights as a shareholder of MPI are being contravened.

143.   The contravention and frustration of Plaintiffs' rights are the result of the refusal of Company officers and directors to honor the agreements made at the time of merger in a manner that is in the best interest of the combined companies and its shareholders., and in the proper sharing of earnings and profits of Company as envisioned by Con. Gen. Stat. §33-687 et seq.

144.   Plaintiffs have substantial reasonable expectations, which have been frustrated without their fault and beyond their control, and which, under all the circumstances and as described herein entitles them to some form of relief.

145.    Pursuant to Con. Gen. Stat. §33-896(a)(1)(b), Marcel and Barbara, through their control of the Company and MPI, have acted and are acting or will act in a manner that is illegal, oppressive and fraudulent.

146.    Pursuant to Con. Gen. Stat. §33-896(a)(1)(b), this Court should order the dissolution of Company and MPI and appoint a receiver.

147.    This Court should further order the removal of Marcel and Barbara as officers and directors of Company.

148.    Pursuant to Con. Gen. Stat. §33-897(d), in the event that this Court determines that dissolution is appropriate, prior to this Court ordering dissolution, this Court should provide the individual Defendants the opportunity to elect to purchase Plaintiffs' shares at their fair value as determined by such procedures as this Court may provide, or if the Plaintiffs so choose to remit to the Plaintiffs their capital investment of Eight Million and No/100 Dollars ($8,000,000.00).

**TWELVETH CAUSE OF ACTION**
**<ins>INDIVIDUAL CLAIM – FRAUD</ins>**

149.    The allegations contained in Paragraphs 1 through 73 of this Complaint are realleged and incorporated by reference.

150.    The action and conduct of Marcel, both individually and in his fiduciary capacity, constitutes fraud upon the Plaintiffs in that:

a)    Marcel made certain misrepresentations of fact, including affirmative promises that if Plaintiffs agreed to combine their company with his, he would retire in three years and sell his interest to Plaintiffs, all of which he knew to be false;

b)    That such statements were knowingly made and;

c)    Such statements were made with an intent to deceive Plaintiffs and induce Plaintiffs to merge their company with his;

d)    The Plaintiffs reasonably relied upon the false statements of Marcel; and

   e)  The Plaintiffs have sustained significant damages as a result of such fraudulent conduct on the part of Marcel.

  151.  Additionally, Plaintiffs would never have executed the Merger Documents without assurances from Marcel that he would abide by the terms of such express contracts.

  152.  Following the merger, Marcel cavalierly ignored the terms of the Employment Agreements and the Shareholder Agreement.

  153.  Upon information and belief, at the time of execution of the Merger Documents, Marcel had no intention of complying with the terms of the Merger Documents, even though he was fully aware that Plaintiffs expected him to abide by the terms of such express contracts.

  154.  The statements that Marcel made prior to the execution of the Merger Documents were knowingly made with intent to deceive Plaintiffs knowing that Plaintiffs were relying on his good will and honesty in fact and knowing that Plaintiffs would be significantly damaged by his violation of the promises made.

  155.  Plaintiffs are entitled to recover from Marcel for such fraud, the exact amount to be determined upon trial of this case.

## THIRTEENTH CAUSE OF ACTION--
## INDIVIDUAL CLAIM - CIVIL CONSPIRACY

  156.  The allegations contained in Paragraphs 1 through 155 of this Complaint are realleged and incorporated by reference.

  157.  The action and conduct of Marcel and Barbara acting in concert towards the Plaintiffs constitutes an unlawful civil conspiracy.

  158.  The Plaintiffs have been damaged by the individual Defendants' conduct, the exact amount to be determined upon trial of this case.

## FOURTEENTH CAUSE OF ACTION
### INDIVIDUAL AND DERIVATIVE CLAIM –
### UNFAIR AND DECEPTIVE TRADE PRACTICES
### Con. Gen. Stat. §42-110b

159.    The allegations contained in Paragraphs 1 through 158 of this Complaint are realleged and incorporated by reference.

160.    The actions and conduct of the individual Defendants, Marcel and Barbara, both individually and in their fiduciary capacities, constitute unfair and deceptive trade practices affecting commerce within the meaning of Con. Gen. Stat. §42-110b.

161.    The Plaintiffs have been damaged by the Defendants' conduct and are entitled to have their actual damages trebled and to have their reasonable attorney's fees paid.

## FIFTEENTH CAUSE OF ACTION
### INDIVIDUAL CLAIM – BREACH OF FIDUCIARY DUTY

162.     The allegations contained in Paragraphs 1 through 73 of this Complaint are realleged and incorporated by reference.

163.    The individual Defendants as officers and directors of Company are required to take all action: (1) In good faith; (2) with the ordinary care an ordinarily prudent person in a like position would exercise under similar circumstances; and (3) in a manner he reasonably believes to be in the best interests of the corporation.

164.    The individual Defendants owed a fiduciary duty of honesty, truthfulness and fair dealing to the Company and to Plaintiffs with respect to the operation of Company.

165.    The individual Defendants as officers and directors of Company intentionally caused the Company to cancel the commercial leases of the Plaintiffs' in North Carolina and Louisiana, an act having no business purpose and motivated entirely by ill will and malice in violation of Con. Gen. Stat. §33-756(a) and Con. Gen. Stat. §33-765(a).

166.    The individual Defendants have violated Con. Gen. Stat. §33-756(a) and Con. Gen. Stat. §33-765(a) and have willfully, wantonly and maliciously violated said fiduciary obligation to Company and to Plaintiffs and, as a result thereof, Company and Plaintiffs have been damaged, the exact amount to be determined upon trial of this case.

**SIXTEENTH CAUSE OF ACTION --**
**INDIVIDUAL AND DERIVATIVE CLAIM – UNJUST ENRICHMENT**

167.    The allegations contained in Paragraphs 1 through 166 of this Complaint are realleged and incorporated by reference.

168.    Upon information and belief, Marcel is continuing to misappropriate in excess of Two Hundred Fifty Thousand and No/100 Dollars ($250,000.00) annually in the form of salary and bonuses in violation of his employment contract entered into on November 20, 2008.

169.    Marcel has knowingly taken full advantage of acquiring the valuable business of Plastic Plus from Plaintiffs all at little or no cost to Marcel and Marcel is reaping the rewards of such acquisition without being held accountable to Plaintiffs or Company.

As a direct and proximate result of Marcel's deceitful conduct towards Plaintiffs and misuse of Company's resources, Marcel has been unjustly enriched, the exact amount to be determined upon trial of this case, with this Court ordering reimbursement by Marcel to Company.

* * *

**WHEREFORE,** Plaintiffs prays relief of the Court as follows:

1.     That Plaintiffs have and recover of the individual Defendants, jointly and severally, monetary damages for each of the causes of action asserted individually by Plaintiffs against the individual Defendants;

2.     That derivatively, judgment be entered against the individual Defendants, assessing damages done by them to Company with said sums to be awarded to Company with the individual Defendants paying the reasonable attorney's fees

3.     That an accounting be conducted in order to determine the damages of the Plaintiffs;

4.     The Court enter an Order compelling Company to pay to Glenn his correct salary as specified in the Employment Agreement;

5.     The Court enter an Order compelling Company to transfer back to Barbara all shares of capital stock of Barhill and for Barbara to reimburse Company for any and all monies received therefore;

6.     The Court enter an Order ordering Marcel to pay to Company all salary, bonus, and other amounts unlawfully taken by Marcel in violation of his Employment Agreement with Company;

7.     Impose punitive damages against the individual Defendants and award Plaintiffs their costs and attorney's fees for the individual Defendants' fraudulent conduct;

8.     Award Plaintiffs punitive damages, attorney's fees and costs as a result of the individual Defendants unfair and deceptive trade practices, pursuant to Con. Gen. Stat. §42-110(b) and §42-110(g).

9.     Award Plaintiffs damages resulting from the unjust enrichment of the individual Defendants;

10.    Grant Plaintiffs a trial by jury on all issues herein so triable;

11.    The costs of this action, including reasonable attorney's fees as allowed by law, be taxed against the individual Defendants; and

12.    For such other and further relief as the Court deems just and proper.

PLAINTIFFS, individually and derivatively on behalf of DISCOUNT TROPHY & CO., INC., and GLENN BECKWORTH, individually and derivatively on behalf of MARCO PLASTIC INDUSTRIES, INC.

By:    /s/ Matthew C. Mason
       Matthew C. Mason, Esq. (ct 15291)
For:   Gregory and Adams, P.C.
       190 Old Ridgefield Road
       Wilton, CT 06897
       Tele: (203) 762-9000
       Fax:  (203) 834-1628
       E-mail: mmason@gregoryandadams.com


By:    /s/ J. Jerome Miller
       J. Jerome Miller
       N.C. Bar No. 6767
       Carol L. Austin
       N.C. Bar No. 41080

For:   Miller Walker & Austin
       Attorneys at Law
       319 S. Sharon Amity Road, #350
       Charlotte, North Carolina 28211
       Tel.: 704-366-9129
       Fax: 704-366-2686
       E-mail:    jerry@millerlawcharlotte.com

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

**VERIFICATION**

GLENN BECKWORTH, under pain and penalty of perjury under the laws of the United States, avers that as Plaintiff herein he verifies that he has reviewed the foregoing Complaint, including the Shareholder's Derivative Claims and Individual Claims contained herein, and that the allegations are true and correct to the best of his information, knowledge and belief.

By: *W. Glen Beckworth*

GLENN BECKWORTH

Sworn and subscribed to before me

this 23rd day of October, 2013.

*Kimberly C. Dixon*

Notary Public

Kimberly C. Dixon

Printed Name

My commission expires: 1/30/2018

(SEAL)

Kimberly C. Dixon
Notary Public
Mecklenburg County
North Carolina
My Commission Expires 1/30/2018

**STATE OF LOUISIANA**

                                                    **VERIFICATION**

**PARRISH  OF ASCENSION**


      WILLIS BECKWORTH, under pain and penalty of perjury under the laws of the United States, avers that as Plaintiff herein he verifies that he has reviewed the foregoing Complaint, including the Shareholder's Derivative Claims and Individual Claims contained herein, and that the allegations are true and correct to the best of his information, knowledge and belief.

                  By: *Willis S. Beckworth*
                      WILLIS BECKWORTH


Sworn and subscribed to before me

this _24_ day of _October_ , 2013.

_____

    Notary Public
              Penrose C. St. Amant
_____
              Notary Public
    Printed Name    Bar Roll 12358
             Commission Expires at Death
My commission expires:_____

(SEAL)

**STATE OF LOUISIANA**

**VERIFICATION**

**PARRISH OF ASCENSION**

      VICKY JUNEAU, under pain and penalty of perjury under the laws of the United States, avers that as Plaintiff herein she verifies that she has reviewed the foregoing Complaint, including the Shareholder's Derivative Claims and Individual Claims contained herein, and that the allegations are true and correct to the best of her information, knowledge and belief.

By: _Vicky Juneau_____

VICKY JUNEAU

Sworn and subscribed to before me

this 24 day of October, 2013.

_____

Notary Public

Penrose C. St. Amant

Notary Public

_____

Printed Name  Bar Roll 12358

Commission Expires at Death

My commission expires:_____

(SEAL)

2.