IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLENN BECKWORTH, WILLIS BECKWORTH and VICKY JUNEAU, individually and derivatively on behalf of Discount Trophy & Co., Inc., and GLENN BECKWORTH, individually and derivatively on behalf of Marco Plastic Industries, Inc. | : : : : : : |
| Plaintiffs, | : |
| v. | : Civ. No. 3:13CV1593 (AWT) |
| MARCEL O. BIZIER and BARBARA KING BIZIER, | : : |
| Defendants. | : : |
| and | : : |
| DISCOUNT TROPHY & CO., INC. and MARCO PLASTIC INDUSTRIES, INC., Nominal Defendants. | : : October 9, 2015 |

**FIRST AMENDED COMPLAINT**

Plaintiffs Glenn Beckworth, Willis Beckworth, and Vicky Juneau, individually and derivatively on behalf of Discount Trophy & Co., Inc., and Glenn Beckworth, individually and derivatively on behalf of Marco Plastic Industries, Inc., for their complaint against the Defendants assert and allege as follows:[1]

**PARTIES, JURISDICTION AND VENUE**

---

[1] In its Ruling on Motion to Amend (Doc. No. 54), the Court denied the Plaintiffs leave to amend their Complaint to assert the derivative claims in the First through Fifth Causes of Action alleged in their proposed First Amended Complaint (Doc. No. 45-3), but granted leave to amend solely to assert a claim for inspection and copying of corporate books and records. To comply with the Court's Ruling, the Plaintiffs have omitted the five derivative claims from this First Amended Complaint, which contains only the books and records claim.  The Plaintiffs expressly reserve and do not waive any of their rights of appeal, including but not limited to appeal of the Court's Ruling (Doc. No. 54) to the extent it denied Plaintiff's Motion for Leave to File Amended Complaint.

1. The Plaintiff, GLENN BECKWORTH (hereinafter "Glenn"), is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

2. The Plaintiff, WILLIS BECKWORTH (hereinafter "Willis"), is a citizen and resident of Gonzales, Ascension Parish, Louisiana.

3. The Plaintiff, VICKY JUNEAU (hereinafter "Vicky"), is a citizen and resident of Gonzales, Ascension Parish, Louisiana.

4. DISCOUNT TROPHY & CO., INC., d/b/a MARCO AWARDS GROUP (hereinafter "Company" or "Discount Trophy"), is a Connecticut corporation with its principal office located in Marco Island, Collier County, Florida.  Company also maintains offices in South Windsor, Connecticut and Charlotte, North Carolina.

5. MARCO PLASTIC INDUSTRIES, INC. (hereinafter "MPI"), is a Connecticut corporation with no office separate and apart from Company and, upon information and belief, is the alter ego of Marcel.

6. Defendant MARCEL O. BIZIER (hereinafter "Marcel") is a Canadian citizen and resident of Marco Island, Collier County, Florida, is more than eighteen years of age, not in military service, and is under no legal disability or restraint.

7. Defendant BARBARA KING BIZIER (hereinafter "Barbara"), is a citizen and resident of Marco Island, Collier County, Florida, is more than 18 years of age, not in military service, and is under no legal disability or restraint.

8. This Court has original jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are citizens of either North Carolina or Louisiana, Company and MPI are Connecticut corporations, and the individual Defendants are either citizens of Canada or Florida, and because the amount in

controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000), exclusive of interest and costs.

9. There is complete diversity among the parties because none of the Defendants reside in the same state as any one of the Plaintiffs.

10. Both requirements of 28 U.S.C. § 1332 are satisfied and this Court has original jurisdiction over this action.

11. This action is not a collusive one designed to confer jurisdiction on a court of the United States which it would not otherwise have.

12. Venue is proper because Company and MPI are Connecticut corporations and maintain an office in South Windsor, Connecticut.

13. The Shareholder Agreement and Employment Agreement referred to in Paragraph 27 refer to the state of Florida as the choice of law agreed to by the parties named therein.

## FACTUAL ALLEGATIONS

14. Prior to November 20, 2008, Glenn was managing partner of Plastic Plus Awards ("Plastic Plus") located in Charlotte, Mecklenburg County, North Carolina.

15. Plastic Plus was a Louisiana general partnership comprised of Glenn, Willis, and Vicky. Although the genesis of the partnership was in Gonzales, Louisiana, on approximately January 1, 1988, Glenn relocated the operational headquarters to Charlotte, North Carolina.

16. Glenn managed and operated the business successfully in Charlotte, North Carolina from January 1, 1988 until November 20, 2008.

17. In that period of time, annual sales rose from approximately $1 million per annum to $20 million per annum, with annual net profit well in excess of $1 million.

18. At all times from 1986 until the present date, Willis and Vicky were partners of Plastic Plus with certain managerial functions related to Louisiana operations.

19.     Glenn is 51 years of age and has a baccalaureate degree from Louisiana State University and an MBA from the University of North Carolina at Charlotte.

20.     Approximately 16 years ago, Glenn became acquainted with Defendant Marcel, sole shareholder, president, and Chief Executive Officer of Defendant Company.

21.     Marcel is an experienced businessman, age 73, and married to Defendant Barbara.

22.     Prior to November 20, 2008, both Plastic Plus and Company were engaged in the wholesale trophy/awards component business with their primary customers being retail trophy/awards stores throughout the continental United States.

23.     Prior to November 20, 2008, Company had been in business for approximately 30 years.

24.     Marcel and Barbara's four children, prior to November 20, 2008, were the sole shareholders of MPI, which acts as a conduit in ordering trophy/awards parts and components from Chinese vendors and reselling them to Company at a 5% markup.

25.     Upon information and belief, such corporation was formed for the sole purpose of transferring income from Marcel to his and Barbara's children.

26.     For 12 to 18 months prior to November 20, 2008, Marcel and Glenn had discussed the combining of Plastic Plus and Company with a view to Glenn and Marcel jointly operating the Company for three years, then Glenn purchasing the shares of Marcel and assuming management and control of the combined businesses and Marcel retiring.

27.     All of the preliminary negotiations were merged into written agreements executed by the parties on November 20, 2008, including a Shareholder Agreement (the "Shareholder Agreement"), attached hereto as ***Exhibit A***, and an Employment Agreement (the "Employment Agreement") between Marcel and Company, attached hereto as ***Exhibit B***.

28.     By the terms of the Shareholder Agreement, Marcel owns 75% of the issued and outstanding shares of the combined companies, known as Discount Trophy & Co., Inc., and Plaintiffs collectively own 25% of such shares. Additionally, Glenn owns 20% of MPI. Marcel owns no shares of MPI.

29.     Plaintiffs have a capital investment in the merger in excess of Eight Million and 00/No Dollars ($8 million).

30.     Paragraph 8 of the Shareholder Agreement provides that Marcel will be President and Chief Executive Officer of the Company and that Glenn will be Vice-President and Chief Operating Officer. The members of the Board of Directors are Marcel, Glenn, and Barbara.

31.     Paragraph 12 of the Shareholder Agreement provides as follows:

"Bizier and Beckworth agree that they shall not pay themselves compensation above and beyond the compensation reserved in such Employment Agreements without the mutual consent of both parties."

32.     In violation of Paragraph 12 of the Shareholder Agreement and the Employment Agreement commencing January 1, 2011, Marcel unilaterally increased his salary to $750,000 per year, $250,000 in excess of the compensation mandated by Marcel's Employment Agreement.

33.     Thus, Marcel has paid to himself or caused Company to pay a total of at least $750,000 above and beyond the compensation specified in the Employment Agreement.

34.     Upon information and belief, Glenn believes that there have been or may have been additional unlawful payments by Company to Marcel, such amounts to be determined upon audit of the Company's books and records and at trial.

35.     Although Marcel has generally withheld access to the books and accounting records of Company, upon information and belief, on or about January 1, 2012, Company acquired the issued and outstanding shares of stock of Barhill Manufacturing, Inc. (hereinafter, "Barhill"), a Pennsylvania corporation owned by Barbara, a member of Company's Board of Directors.

36. Upon information and belief, Barhill has annual sales of approximately $1 million and net operating losses of $300,000 per year, and is not a viable business.

37. Upon information and belief, Marcel caused Company to pay in excess of $1 million for such shares of Barhill when, in fact, Barhill had no intrinsic value whatsoever.

38. Marcel has refused to furnish to Glenn information regarding such acquisition.

39. Paragraph 8 of the Shareholder Agreement provides as follows:

"Should the company seek to expand and acquire either the stock or assets of any other company, Bizier and Beckworth agree that they shall not do so individually without the advice and consent of the other."

40. General Statutes § 33-781(1)(B) provides that a "Director's conflicting interest transaction" means a transaction "respecting which . . . the director had knowledge and a material financial interest known to the director."

41. Marcel, at all times pertinent hereto, was a director of Company along with his wife Barbara.

42. Both Marcel and Barbara voted for or assented to the purchase by Company of the issued and outstanding shares of Barhill, without notifying Glenn of the action taken or obtaining his consent.

43. Marcel and Barbara, as directors of Company had a direct conflict of interest in such transaction.

44. Prior to November 20, 2008, MPI was owned 100% by the four children of Marcel and Barbara, each owning 25% of the issued and outstanding shares.

45. MPI has no operational status, has no office separate and apart from Company and, upon information and belief, is the alter ego of Marcel, who controls the day-to-day affairs of such corporation and acts as either a *de jure* or a *de facto* president, chief executive officer, and director. He owns no shares of MPI.

46. Following the merger of the two companies on November 20, 2008, in which Glenn became a 20% shareholder of MPI, Marcel unlawfully caused MPI to distribute to his four children the sum of $2,076,828, with such distribution constituting an unlawful dividend having no legitimate business purpose, and not being pro-rated as to all shareholders, including Glenn, all in violation, inter alia, of General Statutes § 33-687.

47. As Chief Operating Officer of the Company, Glenn has been refused access to the books and records of the Company, including access to certain information technology, thus hindering his duties as Chief Operating Officer.

48. Pursuant to General Statutes § 33-946(a), Plaintiffs are shareholders who have the right to inspect and copy certain books and records of Company.

49. Plaintiffs have previously made demand upon Company to produce books and records and Company has actually or constructively refused. See ***Exhibit C*** attached hereto.

50. Marcel, as President, Chief Executive Officer, and Director of Company, has actually or constructively refused to provide Plaintiffs with annual financial statements including balance sheets, income statements, and statements of cash flow in accordance with generally accepted accounting principles, including by refusing to provide copies to Glenn of documents it had copied in response to his demand to inspect and copy documents.

51. Plaintiffs are minority shareholders of Company and bring an individual claim demanding to inspect and copy the Company's books and records. Glenn is a minority shareholder of MPI and brings an individual claim demanding to inspect and copy MPI's books and records.

52. The individual Defendants, as officers and directors of Company, have participated in conduct detrimental to the Company, including but not limited to the following:

>   a) Maintaining and keeping secret from the Plaintiffs the true financial records of Company;

      b)      Drawing excessive salaries and bonuses; and

      c)      Self dealing and diverting money to their own personal use.

53.    By refusing to allow or interfering with Plaintiffs exercise of their rights as shareholders to both inspect and copy certain financial records of Company, the individual Defendants have purposefully inhibited Plaintiffs' ability to apprise the extent to which funds may have been improperly transferred to the individual Defendants in violation of their fiduciary duties and in violation of Marcel's employment contract with Company.

**FIRST CAUSE OF ACTION**
**REFUSAL OF ACCESS TO RECORDS**
**General Statutes §§ 33-946(a) and (c) and 33-948**

1–53.    The allegations of paragraphs 1 through 53 above are realleged and incorporated by reference.

54.    Pursuant to General Statutes § 33-946(a), a shareholder is entitled to inspect and copy certain "records of the corporation described in subsection (e) of section 33-945." General Statutes § 33-945(e) requires the corporation to keep a copy of certain records at its principal office, including "the minutes of all shareholders' meetings and records of all actions taken by shareholders without a meeting for the past three years," C.G.S. § 33-945(e)(4), and "all written communications to shareholders generally within the past three years, including the financial statements furnished for the past three years under section 33-951," C.G.S. § 33-945(e)(5).

55.    Pursuant to General Statutes § 33-946, a shareholder is also entitled to inspect and copy certain additional records, including excerpts from meetings of the board of directors and "accounting records of the corporation," C.G.S. 33-946(c), if the shareholder's "demand is made in good faith and for a proper purpose," the shareholder "describes with reasonable particularity

his purpose and the records he desires to inspect," and "the records are directly connected with his purpose" C.G.S. § 33-946(d).

56. Plaintiffs have previously requested access to the records of the Company, of which they are all shareholders, and Glenn has previously requested access to the records of MPI, of which he is a shareholder.  See ***Exhibit C*** attached hereto.

57. Such demand was made in good faith and for a proper purpose, and described with reasonable particularity the purpose and the records to inspect in compliance with General Statutes § 33-946(d).  The demand included a request for records identified in General Statutes §§ 33-945(b) and 33-946(c), including minutes of board of directors' and shareholders' meetings and all "accounting records" for the Company and MPI.

58. Company and MPI, acting through their officers and directors Marcel and Barbara, have interfered with and actually or constructively refused to provide copies of such records to the Plaintiffs, including but not limited to refusing to provide Glenn with documents in September 2013 that already had been copied in response to his request for inspection and copying of documents.

59. Pursuant to  General Statutes § 33-948(a)-(c), Plaintiffs request this Court to order inspection and copying of the records demanded and also order Company to pay their expenses incurred to obtain the order, including counsel fees.

**WHEREFORE,** Plaintiffs prays relief of the Court as follows:

1. The Court enter an Order ordering inspection and copying of the records demanded by the Plaintiffs and also order Company and MPI to pay their expenses incurred to obtain the order, including counsel fees;

2. The costs of this action, including reasonable attorney's fees as allowed by law, be taxed against the individual Defendants; and

3. For such other and further relief as the Court deems just and proper.

        PLAINTIFFS, individually and derivatively on behalf of DISCOUNT TROPHY & CO., INC., and GLENN BECKWORTH, individually and derivatively on behalf of MARCO PLASTIC INDUSTRIES, INC.

By:  /s/ Matthew C. Mason
     Matthew C. Mason, Esq. (ct 15291)
For: Gregory and Adams, P.C.
     190 Old Ridgefield Road
     Wilton, CT 06897
     Tele: (203) 762-9000 * Fax: (203) 834-1628
     E-mail: mmason@gregoryandadams.com

By:  /s/ J. Jerome Miller
     J. Jerome Miller
     N.C. Bar No. 6767
     Carol L. Austin
     N.C. Bar No. 41080
For: Miller Walker & Austin
     Attorneys at Law
     319 S. Sharon Amity Road, #350
     Charlotte, North Carolina 28211
     Tel.: 704-366-9129
     Fax: 704-366-2686
     E-mail: jerry@millerlawcharlotte.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Matthew C. Mason
Matthew C. Mason (ct 15291)
